# STRAFFORD,

## DECEMBER TERM, A. D. 1859.

---

### ROLLINS *v.* JONES.

A plea to an avowry in replevin, that the estimate of damages was not
left with the pound-keeper *before or at the time of* impounding, was held
bad on demurrer.

It is sufficient that the estimate be left within a reasonable time after the
impounding.

REPLEVIN for a yoke of oxen. The defendant avowed
the taking of the oxen in the close in which, &c., alleging
that the said close was then his soil and freehold; that the
oxen were doing damage therein, and he took them as a
distress for the damage.

The ninth plea to this avowry set forth that said Jones,
after the said taking, and on the day of said taking, im-
pounded said oxen in the common pound in Middleton,
but did not, *before, nor at the time of said impounding,* leave
with the pound-keeper, in writing, an estimate of the
damage done by said oxen, and the amount of fees and
charges incurred, as by law he ought, &c. To this plea
there was a demurrer and joinder. The court held the
demurrer well taken, and the plaintiff excepted.

*Chesley*, for the plaintiff.

*Hall*, for the defendant.

Rollins *v.* Jones.

Bell, C. J.*   By chapter 137 of the Revised Statutes, section 3, the person impounding any creatures shall leave with the pound-keeper, in writing, an estimate of the damages done by such creatures, or of the penalty incurred by the owner, and the amount of the fees and charges incurred.

The pleadings in this case raise the question at what time this estimate must be left. The plaintiff contends that it must be left before or at the time of impounding, while the defendant maintains that he is not bound to leave it at the time of impounding, or before, but that it will be sufficient if he leaves it in a reasonable time after the gate of the pound is closed upon the animals.

The question has been ingeniously argued by the counsel, and all the light thrown upon it which it admits of. It is to be decided upon a reasonable construction of the statute; and considering that it is the duty of the party impounding to impound the creatures without any unnecessary delay; that it can make no difference to the owner of the cattle whether the party impounding delays to cause the cattle to be put in the pound until he can make out his estimate, or takes an equal amount of time to draw up the writing after the pound-keeper has the animals in custody; and as it must be very much more convenient for the party impounding to put the cattle in a place of security in the pound, before making the notice, it seems to us the more reasonable construction of the statute to hold that the notice left with the pound-keeper will be in season, if it is left with him in a reasonable time after the cattle are put in the pound. We understand, by a reasonable time, such space as is necessary, under all the circumstances, to make out the notice with proper care. If the statute had been worded, "shall *forthwith* leave," &c., which

---

* Doe, J., having been of counsel, did not sit.

Rollins *v.* Jones.

would be a more urgent expression than the language used, we think it must have received the same construction.

The word *impounding* is dwelt upon as conveying the idea that the notice must be given to the pound-keeper at the very moment of impounding; while it might be said that the word *leave*, in a common use of it, implies that the party is to do a thing before or at the time of his going away himself.

The usual course of a sheriff committing a party to jail, is, as we understand, to proceed with the prisoner to the jail, and deliver him to the jailer, and then make out his copy and return, to be left at the jail. It would be very difficult for an officer carrying a refractory prisoner to the jail to make out his return, until he had placed him in safe custody.

The case of *Sherman* v. *Braman*, 13 Met. 407, to which we are referred, is not in point. It was not there decided at what time the estimate of damages should be left with the pound-keeper. The question was, whether the party impounding, who had left no notice, could avail himself of a notice subsequently given by the pound-keeper, in his capacity of field-driver, and it was held he could not.

*Demurrer sustained.*